IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| MINNESOTA LIFE INSURANCE COMPANY, | : : : |
| v. | : Case No.: 1:14-cv-11 (WLS) |
| | : |
| HATTIE J. CREASY; KENNETH W. CREASY; and JANA C. JONES, Individually and as Administrator of the Estate of Jeffrey L. Creasy; and DEBRA J. BOUGHNER, | : : : : : |
| Defendants. | : : |

## ORDER

Before the Court is Plaintiff Minnesota Life Insurance Company's Motion for Restraining Order. (Doc. 8.) For the reasons that follow, the motion is **GRANTED**.

### PROCEDURAL and FACTUAL BACKGROUND

Plaintiff Minnesota Life Insurance Company (Minnesota Life) filed this interpleader action under 28 U.S.C. § 1335 to resolve competing claims to $63,000 in life insurance benefits. The life insurance benefits became due under a group life insurance policy upon the death of the insured, Jeffrey L. Creasy. Debra L. Boughner, Creasy's purported fiancé, and Jana C. Jones, his sister and the administrator of his estate, both claim they are entitled to those benefits.

The policy provides the following procedure to name or determine the policy's beneficiary:

> You must name your beneficiary either by accessing the GaBreeze internet web-site or by completing the Beneficiary Designation and Change Request Form which can be obtained from the GaBreeze Customer Service Center.
> . . . .
> If you do not name a beneficiary or all named beneficiaries are not living when you die, we will pay the death benefit to:

1

>  (1) your lawful spouse, if living, otherwise;
>  (2) your natural or legally adopted child (children) in equal shares, if living, otherwise;
>  (3) your parents in equal shares, if living, otherwise;
>  (4) the personal representative of your estate.

According to Minnesota Life, in November 2011 and August 2012, Creasy designated Boughner as sole beneficiary under the policy through the GaBreeze website.

On February 26, 2013, Creasy died from natural causes.

Soon after his death, Boughner and Jones made competing claims for benefits. First, in March 2013, Boughner allegedly made a claim for benefits via a Beneficiary Statement form, identifying herself as Creasy's fiancé. A few weeks later, Jones called customer service for Aon Hewitt, Minnesota Life's third-party administrator, and claimed that Boughner had forged Creasy's name on the beneficiary designation. On April 10, 2013, Minnesota Life received a letter from Jones stating that Creasy intended "for his mother to benefit from any/all insurance policies, retirement funds, etc. upon his death."

Minnesota life then received a letter from an attorney representing Jones and her mother, Hattie Creasy, which stated:

> We are aware that the deceased verbalized his intentions that members of his family would be beneficiaries of any and all policies. However, we understand that your files currently show Debra Boughner as the beneficiary of the policy. Based on certain information, we are concerned that this beneficiary designation may have been either fraudulently created or fraudulently procured and we are continuing to gather facts in this regard.

On September 27, 2013, Boughner, through an attorney, filed suit in the Superior Court of Dougherty County, against Jones, individually and as administrator of Creasy's estate, and Minnesota Life. The suit seeks a declaratory judgment, general damages, trover, and other equitable relief.

On January 14, 2014, Minnesota Life filed the instant interpleader action. In the complaint, Minnesota Life claims it cannot obtain complete relief from the threat of multiple liability in the Superior Court action. Specifically, Hattie Creasy and Kenneth Creasy, who are citizens of Tennessee, may have a claim for the benefits, but Minnesota

Life cannot assert a cross-claim in interpleader against them in Superior Court because there is no basis for jurisdiction under Georgia's long-arm statute.

Minnesota Life now seeks an order restraining the above-captioned defendants from instituting or prosecuting any proceeding in state or federal court against Minnesota Life for claims involving Creasy's life insurance policy. By a motion filed the same day, the company also moved to deposit the at-issue funds into the Court's registry. The Court granted the motion to deposit funds January 17, 2014.

## DISCUSSION

An interpleader action protects a disinterested stakeholder from multiple claims to a limited fund by providing a forum and procedure to adjudicate all competing interests. *State Farm Fire & Cas. Co. v. Tashire*, 386 U.S. 523, 524 (1967). The federal interpleader statute, 28 U.S.C. § 1335, "is remedial and to be liberally construed." *Id.* at 533.

A district court may exercise jurisdiction over a statutory interpleader action if (1) the plaintiff has at least $500 in its custody; (2) two or more adverse claimants of diverse citizenship are claiming or may claim entitlement to the money; and (3) the plaintiff has deposited such money into the court's registry. 28 U.S.C. § 1335. Statutory interpleader requires only minimal diversity among at least two claimants. *Allstate Ins. Co. v. Young*, 923 F. Supp. 1559, 1561 (S.D. Ga. 1996) (citing *Tashire*, 386 U.S. at 530).

The Federal Interpleader Act also authorizes a court to enjoin the claimants from instituting or prosecuting any state or federal proceeding involving the subject property. 28 U.S.C. § 2361. "Once the procedural prerequisites of statutory interpleader are satisfied . . . the issuance of an injunction under § 2361 is entirely within the discretion of the district judge. *Shell Pipe Line Corp. v. W. Tex. Mktg. Corp.*, 540 F. Supp. 1155, 1162 (S.D. Tex. 1982) (*Commerce & Indus. Ins. Co. v. Cablewave Ltd.*, 412 F. Supp. 204, 206 (S.D.N.Y. 1976)). Federal Rule of Civil Procedure 65, and its requirements for issuing injunctions and restraining orders, do not apply to § 2361 injunctions. Fed. R. Civ. P. 65(e). So a court may issue a restraining order in a statutory interpleader action without notice and hearing to the claimants. *Aetna Cas. & Sur. Co. v. Ahrens*, 414 F. Supp. 1235, 1242 (S.D. Tex. 1976).

The Court concludes that the issuance of a temporary restraining order is proper and warranted in this case. Cases involving competing claims for insurance benefits are well suited for statutory interpleader actions. *See Orseck, P.A. v. Servicios Legales De Mesoamerica S. De. R.L.*, 699 F. Supp. 1344, 1349 (S.D. Fla. 2010). Minnesota Life has also established the procedural prerequisites. The life insurance benefits well exceed $500. The Court has granted Minnesota Life's motion to deposit the benefits into the Court's registry. Finally, Hattie and Kenneth Creasy are citizens of Tennessee and Boughner is a citizen of Georgia, so minimal diversity exists among the claimants.

Additionally, a restraining order is justified to protect Minnesota Life from multiple litigation. It appears Hattie and Kenneth Creasy, who may claim entitlement to the benefits, cannot be joined to the Superior Court action for want of personal jurisdiction. *See* O.C.G.A § 9-10-91. Minnesota Life therefore cannot obtain complete relief in Georgia courts and may be subject to a future lawsuit over the same fund.

## CONCLUSION

For those reasons, Minnesota Life's Motion for a Restraining Order is **GRANTED**. The Claimants in this case are hereby immediately **RESTRAINED** from instituting or prosecuting any proceeding in any state or United States court affecting, or determining rights to, the disputed funds at issue in this action.

**SO ORDERED**, this    24th  day of February, 2014.

   /s/ W. Louis Sands   
**W. LOUIS SANDS, JUDGE**
**UNITED STATES DISTRICT COURT**